# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KENNETH A. CANDLER, | : | |
| Plaintiff, | : | Case No. 3:12cv00181 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of the | | |
| Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS [1]

Plaintiff Kenneth A. Candler previously filed applications with the Social Security Administration seeking Disability Insurance Benefits.  The Social Security Administration, through a decision by Administrative Law Judge (ALJ) Carol K. Bowen, denied Plaintiff's application based on the determination that he was not under a "disability" within the meaning of the Social Security Act.

Plaintiff brought the present case challenging ALJ Bowen's non-disability decision.  The Court previously reversed ALJ Bowen's non-disability determination and remanded this case to the Social Security Administration for payment of Disability Insurance Benefits based on the disability onset date of June 5, 2007.  (Doc. #s 12, 13).

The case is presently before the Court upon Plaintiff's Motion for Attorney Fees under the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d) (Doc. #15), the Commissioner's Response (Doc #18), Plaintiff's Reply (Doc. #19), and the record as a whole.

Plaintiff requests an EAJA award of attorney fees equaling $6,845.00 based on the hourly rate of $185.00 ($125.00 per hour, plus cost-of-living increase) for 37 hours worked.  The Commissioner counters that the EAJA award Plaintiff seeks is unwarranted because counsel's requested hourly rate and his requested number of work hours are excessive.[2]

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A).  The present statutory rate of $125 per hour is "a ceiling and not a floor." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  A plaintiff seeking a higher rate bears the burden of producing appropriate evidence to support the requested increase.  *Bryant v. Commiss'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  "Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Id*. at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Plaintiff's Motion and supporting exhibits satisfy his burden of producing satisfactory evidence to show that the requested rate of $185 per hour is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at  895 n.11).

---

[2] There is no dispute over Plaintiff's contention that the government's decision to support ALJ Bowen's decision was not substantially justified. (Doc. #18, PageID at 1195).

Beginning with a cost-of-living increase, the CPI all items index in March 1996 (when the $125 hourly rate was set) was 155.7.  The CPI in July 2013 was 233.9. Adjusting for cost-of-living increase is accomplished by dividing the current CPI by the March 1996 CPI (233.9 ÷ 155.7) resulting in a 1.50 cost-of-living factor. Applying this cost-of-living factor to the $125 hourly rate results in a present hourly rate of $187.50 ($125 × 1.50 = 187.50).  *Cf. Durrell v. Astrue*, 3:09cv165, 2011 WL 3862004 at *4 (S.D. Ohio Aug. 11, 2011) (Merz, M.J.) (applying this method of calculation), R&R adopted, 3:09-CV-165, 2011 WL 3875522 (Rice, D.J.).  Plaintiff's requested hourly rate of $185 is therefore below the statutory hourly rate when it is adjusted by the cost-of-living increase using the CPI's data, a result tending to support the reasonableness of the requested hourly rate.  *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992) (recognizing EAJA allows for cost-of-living adjustment for statutory hourly rate).

Plaintiff also relies on an article published by the Ohio State Bar Association titled The Economics of Law Practice in Ohio, Desktop Reference for 2010, which contains a 2010 Survey of attorney-fee rates by region and law-firm size.  (Doc. #15, Exhibit 1).  The Commissioner argues that the 2010 Survey says nothing about the kind or quality of attorney services rendered especially since it does not provide information specifically about Social Security attorneys' hourly rates. Although the 2010 Survey lacks such specificity, it does not lose its probative value because of this; it instead remains informative at least as to the prevailing market rates for small-firm practitioners in the Dayton region who have certain years of experience practicing law.  In addition, the quality of work performed by Plaintiff's counsel in this case is seen in the successful result he obtained: a remand to the Social Security Administration for payment of benefits.  The 2010 Survey, moreover, is often relied upon in EAJA cases in this judicial district.  *See Oblinger v. Astrue*, 2:11-CV-623, 2012 WL 3224100 (S.D.

3

Ohio Aug. 6, 2012) (Sargus, D.J.) ("this Court has routinely accepted this same bar association survey ...."); *see, e.g., McLaughlin v. Astrue*, 2:11cv454, 2102 WL 2918474 at *2 (S.D. Ohio, July 12, 2012) (Graham, D.J.); *Smith v. Comm'r of Soc. Sec.*, 2:12cv 534, 2113 WL 5423912 at *3 (S.D. Ohio, Sept. 16, 2013) (King, M.J.), R&R adopted, 2013 WL 5657821; *Rogers v. Comm'r of Soc. Sec.*, 3:10cv383, 2012 WL 4322575 at *1 (S.D. Ohio, Sept. 20, 2012 (Ovington, M.J.), R&R adopted, 2012 WL 4813777 (Rice, D.J.); *Caldwell ex rel. K.S. v. Comm'r of Soc. Sec.*, 1:12-CV-743, 2013 WL 4830953 at *4-*5 (S.D. Ohio Sept. 10, 2013) (Litkovitz, M.J.), R&R adopted, 2013 WL 5521960 (Dlott, C.J.). As reported in the 2010 Survey, a Dayton attorney in a two-attorney law firm had a mean rate of $200 per hour, and a Dayton attorney with six-to-ten years of practice had a mean rate of $187 per hour. Rates for Dayton attorneys with five years of experience were $166 to $175 per hour. Plaintiff's counsel has practiced Social Security law for seven years and, together with other areas of law, has practiced law for well over ten years. (Doc. #15, Exh. 1, PageID at 1162). This data tends to support counsel's requested billing rate of $185 per hour.

  The evidence so far – the statutory hourly rate adjusted by the CPI and the 2010 Survey – is bolstered the affidavit submitted by Plaintiff's counsel, stating that he has practiced social security law since 2006 and has practiced in other areas of law since graduating from law school in 1991. *Id.*, PageID at 1162. Counsel explains that his regularly hourly rate in social security cases is $185 per hour, which he rounds down from $187.50 ($125 per hour adjusted for cost-of-living increase) for ease of calculation. *Id*. Plaintiff also relies on the affidavits of two other attorneys who practice social security law in the Dayton area. *Id.*, Exhs. 5, 6. One attorney states that his hourly rate for non-contingent work on social security cases "is no less than $250 per hour, and on a contingent fee basis has ranged and been approved by this Court at an hourly rate exceeding $500 per hour." *Id.*, Exh. 5,

4

PageID at 1184. The other attorney states, "My hourly rate in Social Security/SSI cases is $350 per hour based on my background and experience and the office location in the downtown Cincinnati, Ohio area." *Id*., Exh. 6, PageID at 1186. Plaintiff's requested hourly rate of $185 is well below that charged by the other two attorneys. The Commissioner correctly observes that each attorney has more than 30 years of experience practicing social security law, while Plaintiff's counsel has seven years of experience social security law. This does not assist the Commissioner because the attorneys' higher hourly rates tend to reflect their many years of experience while Plaintiff's counsel seeks a much lower hourly rate commensurate with his seven years of experience practicing social security law.

In light of the above evidence, Plaintiff has met his burden of demonstrating that the requested hourly rate of $185 is in line with the hourly rate charged for similar services in the Dayton region by attorneys of skill, experience, and reputation who are reasonably comparable to Plaintiff's counsel. *See Bryant*, 578 F.3d at 450; *cf. Winningham v. Astrue*, 3:11cv345, 2013 WL 394167 (S.D. Ohio Jan. 29, 2013) (Black, D.J.) (hourly rate of $182.50 approved under EAJA).

The Commissioner next contends that the number of hours Plaintiff's counsel requests is excessive. The Commissioner specifically challenges the 17.5 hours counsel spent writing Plaintiff's Statement of Errors and the 10.5 hours counsel spent writing the Plaintiff's brief. Review of Plaintiff's Statement of Errors reveals a substantial and lengthy explanation of Plaintiff's and his wife's testimony during the administrative hearing. The instant case largely turned on the ALJ's findings regarding this testimony. The argument section of the Statement of Errors discussed Plaintiff's medical records at length and cited to cases outside this Circuit concerning medication side effects. In addition, the certified administrative record in this case was longer than 1,000 pages. *See* Doc. #6. Counsel's billing record, moreover, reports that in addition to writing the Commissioner focuses on,

5

Plaintiff's counsel spent time researching as well as editing the Statement of Errors. Under these circumstances, it was not unreasonable for Plaintiff's counsel to spend 17.5 hours preparing his Statement of Errors.

Counsel, however, spent too long – 10.5 hours – researching, drafting, and editing the Reply brief. Although counsel doubtlessly spent time performing research, neither the billing record nor Plaintiff's present briefing (doc. #s 15, 19) identify the specific number of hours counsel spent on research or what issue(s) were researched. This omissions is significant because the Reply brief contains a citation to a single case, *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994), well known by practitioners for many years at least within this Circuit. Counsel's research did not identify other cases pertinent enough to include in his Reply. Although counsel's research may be informative even when no pertinent cases are found, the government should not be required to pay for an extensive amount of such research that led to 10.5 hours of research, editing, and writing. It is therefore necessary to reduce the number hours counsel spent on the Reply brief by three hours. This leaves 7.5 hours, a more reasonable number of hours for counsel to devote preparing the Reply brief he actually produced. Because Plaintiff seeks a total number of 37 attorney work hours, the three-hour reduction leaves a total number of attorney work hours at 34.

Accordingly, Plaintiff's Motion is well taken, in part, to the extent he seeks reimbursement of counsel at the hourly rate of $185. Plaintiff's Motion lacks merit to the extent he seeks compensation for a total of 37 hours of attorney work hours, Plaintiff remains entitled

to compensation for 34 hours of attorney work.

The Commissioner lastly maintains that the Court should not award attorney fees directly to Plaintiff's counsel under *Astrue v. Ratliff*, 560 U.S. 586, __, 130 S.Ct. 2521, 2525-26 (2010).  This is correct but only if Plaintiff owes a pre-existing debt to the government. *Id*. The present record contains no information regarding whether or not Plaintiff owes a pre-existing debt to the government. In the event no such pre-existing debt exist, payment directly to Plaintiff's attorney will be warranted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d) (Doc. #15) be GRANTED, in part, and DENIED, in part, and Plaintiff be awarded a total of $6,290.00 in attorney fees under the EAJA;

2. The Commissioner be directed to determine within 30 days whether Plaintiff owes a pre-existing debt to the government and, if not, to pay the EAJA award directly to Plaintiff's counsel; and

3. The case remains terminated on the docket of this Court.

January 3, 2014

                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).